# Exhibit A



**null / ALL**
**Transmittal Number: 17924694**
**Date Processed: 03/21/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tonya Edwards<br>Capital One Services<br>15000 Capital One Drive<br>Richmond, VA 23238 |

| | |
|---|---|
| **Entity:** | Capital One, N.A.<br>Entity ID Number  2431664 |
| **Entity Served:** | Capital One, National Association |
| **Title of Action:** | Tara Bryant-Lowe vs. Capital One Bank USA, National Association |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | New York County Supreme Court, New York |
| **Case/Reference No:** | 151638 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 03/20/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Carl Rausa<br>212-537-9276 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-------------------------------------------------------------------x

Tara Bryant-Lowe

Plaintiff/Petitioner,

- against -                                          Index No. 151638/2018

Capital One Bank (USA), National Association, et al.,

Defendant/Respondent.
-------------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:    2/23/2018

---------------------------------------
Signature

Carl Rausa, Esq.
---------------------------------------
Name

Reznik Law Firm
---------------------------------------
Firm Name

30 Wall Street, 8th Floor, #741
---------------------------------------
Address

New York, NY 10005
---------------------------------------

212-537-9276
---------------------------------------
Phone

Carl.R@rezniklawfirm.com
---------------------------------------
E-Mail

To:    Capital One, National Association
-------------------------------------

299 Park Avenue
-------------------------------------

New York, NY 10171
-------------------------------------

9/3/15

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK

| | |
|---|---|
| Tara Bryant-Lowe, | **Index No.** |
| Plaintiff, | |
| – against– | **SUMMONS** |
| Capital One Bank (USA), National Association and Malen & Associates, P.C. | **The basis of the venue designated is Defendant Capital One Bank (USA), National Association's Principal Place of Business** |
| Defendant(s). | |

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of New York at the office of the Clerk of said Court at 60 Centre Street, New York, NY 10007 in the County of New York, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: February 23, 2018
New York, New York

**Reznik Law Office, P.C.**

By: /s/ Carl Rausa
Carl Rausa, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel (212) 537-9276
Fax (877)-366-4747
Carl.R@rezniklawoffice.com
Attorneys for Plaintiff

NOTE: The laws or rules of court provide that:

(a) if this summons is served by its delivery to you personally, you must appear and answer within TWENTY days after such service; or

(b) if this summons is served by delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendants' Addresses:

Capital One Bank (USA), National Association
299 Park Avenue
New York, NY 10171

Malen & Associates, P.C.
123 Frost Street, STE 203
Westbury, NY 11590-5026

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK

Tara Bryant-Lowe,

                 Plaintiff,

     – against–

Capital One Bank USA, National Association
and Malen & Associates, P.C.

                 Defendant(s).

Index No.

**VERIFIED COMPLAINT**

Plaintiff Tara Bryant-Lowe, by and through her attorneys, Reznik Law Office, PLLC, complaining of the Defendants, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA"), and violations of New York's General Business Law (hereinafter the "NYGBL"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. The NYGBL protects consumers from deceptive acts or practices in the conduct of any business.

## PARTIES

2. Plaintiff, Tara Bryant-Lowe, is an adult residing in Lake Worth, FL.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Capital One Bank USA, National Association ("Capital One") is a financial institution with its principal place of business located at 299 Park Avenue, New York, NY 10171.

5. Defendant Malen & Associates, P.C. ("Malen") is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 123 Frost Street, STE 203, Westbury, NY 11590-5026. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant, Malen is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Malen attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Capital One.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. On or about September 25, 2017, Plaintiff and Malen, on behalf of Capital One, entered into a settlement agreement on Plaintiff's Capital One account ending in 4241. A recording of the settlement agreement is available upon request.

10. Pursuant to the terms of the settlement, Plaintiff was required to make eighteen (18) payments totaling $1,975.00 to settle and close her Capital One account.

11. Thus, Defendants acknowledged that they had agreed to a settlement with Plaintiff, in consideration of the payment which Plaintiff would be required to make.

12. Plaintiff, via her debt settlement representative, timely made the first requisite settlement payment.

13. However, Defendants never withdrew this electronic payment from Plaintiff's trust account. A copy of the statement of Plaintiff's trust account during the relevant time period is attached herein as Exhibit A.

14. Although the funds were made available for Defendants, the payment was never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

15. Thereafter, on November 22, 2017, Plaintiff's debt settlement representative contacted Malen to resolve the payment discrepancy. A Malen representative named Lauren explained that the account was closed in Malen's office, and advised contacting Capital One.

16. On December 1, 2017, NDR contacted Capital One to resolve the payment discrepancy. A Capital One representative named Stephanie explained that they would not honor the settlement agreement.

17. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

18. Malen knew or should have known that its actions violated the FDCPA. Additionally, Malen could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents,

     servants and/or employees, was malicious, intentional, willful, reckless, negligent and in

     wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

21. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth

     above.

22. Defendants acknowledged that they had agreed to a settlement with Plaintiff, in

     consideration of the payment which Plaintiff would be required to make.

23. Plaintiff made the requisite settlement payment, in accordance with the agreement.

24. Although the funds were made available for Defendants, they refused to accept the

     settlement payment.

25. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of

     contract.

26. As a result, Plaintiff has suffered actual and monetary damages.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth

     above.

28. Defendants owed Plaintiff an implied duty of good faith and fair dealing with respect to

     the settlement agreement entered into between Defendants and Plaintiff.

29. By way of the foregoing conduct, Defendants breached the implied covenant of good faith

     and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

30. Defendants have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

31. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

### THIRD CAUSE OF ACTION
(Fair Debt Collection Practices Act)

32. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

33. The above contacts between Malen and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

34. FDCPA § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt. Defendant Selip violated these provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

35. As a result of the above violations of the FDCPA, Defendant Malen is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

## FOURTH CAUSE OF ACTION
(New York General Business Law: Deceptive Business Acts / Practices)

36.  Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. NYGBL § 349 makes it unlawful for any person, firm, corporation, or association or agent or employee thereof to engage in deceptive acts or practices in the conduct of any business, trade, or commerce.

38. As a financial institution doing business in New York, Capital One is subject to the NYGBL.

39. As a debt collector located and doing business in New York, Malen is subject to the NYGBL.

40. Defendants violated the NYGBL by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which they did not intend to adhere to and/or intended to breach.

41. As a result, Plaintiff has suffered actual damages, attorney fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment in the sum of $12,000 be entered against Defendants as follows:

1) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of contract;

2) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of the implied covenant of good faith and fair dealing;

3) That judgment be entered against Defendant Malen for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

4) That judgment be entered against Defendant Malen for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

6) That judgment be entered against Defendants for actual damages pursuant to NYGBL § 349(h);

7) That the Court award costs and reasonable attorney's fees pursuant to NYGBL § 349(h); and

8) That the Court grant such other and further relief as may be just and proper.

Dated: February 23, 2018
New York, New York

Reznik Law Office, P.C.

By: /s/ Carl Rausa
Carl Rausa, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel (212) 537-9276
Fax (877)-366-4747
Carl.R@rezniklawoffice.com
Attorneys for Plaintiff

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK  )

      I, CARL RAUSA, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

      I am an attorney associated with Reznik Law Firm, PLLC attorneys for Tara Bryant-Lowe, the plaintiff in the foregoing matter, with an office located at 30 Wall Street, 8th Floor #741, New York, NY 10005. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

      The reason why this verification is made by deponent instead of Plaintiff is because Plaintiff is not within the County of New York which is the county where the deponent has his office.

Dated: February 23, 2018
New York, New York

                        /s/ Carl Rausa
                        CARL RAUSA

Case 1:18-cv-03427-CRB   Document 1-1   Filed 04/19/18   Page 15 of 16

# EXHIBIT A

Global Client Solutions LLC
4343 S. 118th E. Ave, Suite 220
Tulsa, OK 74146

# Global Client Solutions LLC

**RETURN SERVICE REQUESTED**

January 18, 2018

Tara Bryant-Lowe



## ACCOUNT ACTIVITY STATEMENT  (THIS IS NOT A BILL)

| DATE | DESCRIPTION | TYPE | AMOUNT | BALANCE |
|------|-------------|------|--------|---------|
| 10/13/2017 | Malen & Associates PC | Payment | -$25.00 | $469.19 |
| 11/13/2017 | Malen & Associates PC | Payment | -$50.00 | $93.00 |
| 12/04/2017 | Reverse: Malen & Associates PC | Reversal | $50.00 | $120.50 |
| 12/04/2017 | Reverse: Malen & Associates PC | Reversal | $25.00 | $145.50 |

Account Inquiries (800) 398-7191

**Correspondence Address**
4343 S. 118th E. Ave, Suite 220 Tulsa, OK 74146

**Payment Address**
PO Box 690870 Tulsa, OK 74169-0870